# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest Battle, #165247, | ) | C/A No.: 1:09-2038-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden M. Bodison, Lieber Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Ernest Battle filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #20, 21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #22]. Petitioner filed a response in opposition to Respondent's motion. [Entry #24]. Also pending in this matter is Petitioner's motion for declaratory judgment for bail [Entry #31], to which Respondent filed a return in opposition. [Entry #32]. Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion for summary judgment should be granted, and Petitioner's motion for declaratory judgment for bail should be denied.

I.      Procedural Background

In November 1999, Petitioner was indicted in Charleston County for trafficking cocaine (1999-GS-10-7109), possession with intent to distribute cocaine within proximity of school (PWID)(1999-GS-10-7110), and conspiracy to violate South Carolina narcotics laws (1999-GS-10-7111). Petitioner was represented by William McGuire, Esquire, and Leslie Sarji, Esquire. Petitioner went to trial on June 4, 2001, at which the jury found him guilty of trafficking cocaine and PWID. The Honorable Thomas L. Hughston, Jr. sentenced him to confinement for twenty-five years for trafficking cocaine and ten years for PWID, to run concurrently.

Petitioner filed a timely Notice of Appeal and was represented on appeal by Daniel T. Stacey, Chief Attorney of the South Carolina Office of Appellate Defense. Petitioner's appeal was perfected with the filing of an *Anders*[1] Brief, raising as the sole arguable ground whether the court erred when it admitted a letter purporting to be from appellant to witness LaShawn Floyd because it was not properly authenticated. [Entry #20-1]. Petitioner filed a pro se brief in which he raised the following grounds:

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

I.      Did the trial court err when it failed to grant directed verdict when the State failed to prove an essential element of the offense?

II.      Did the trial court err when it failed to charge the jury on constructive possession?

III.      Did the trial court err when it failed to give a proper mere presence charge?

IV.      Did the trial court err when it failed to instruct the jury that prosecution must prove beyond reasonable double every element of the offense charged?

V.      Did the trial court err when it failed to direct a verdict of acquittal when the jury stated they did not believe what was claimed by the prosecution happened, thus constituting doubt?

VI.      Did the trial judge err when he failed to reveal to the jury that appellant was acquitted of the conspiracy charge and thus allowing them to consider appellant's guilt of conspiracy during their deliberation without giving curative instructions?

VII.      Did the trial court err when it admitted over objection cocaine into evidence when the State failed to prove a chain of custody?

VIII.      Did the trial court err when it failed to conduct a *Jackson v. Denno* hearing requested by appellant to determine the voluntariness of codefendant's statement?

IX.      Did the trial court err when it lacked subject matter jurisdiction because of affiant's false affidavit and false testimony before the State's grand jury?

[Entry #20-2].

The South Carolina Court of Appeals dismissed Petitioner's appeal pursuant to *Anders* and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), and granted counsel's request to be relieved. [Entry #20-3].

Petitioner filed a pro se petition for rehearing on May 23, 2003, [Entry #20-4], which the Court of Appeals denied on June 26, 2003. [Entry #20-5].

Petitioner also filed a pro se Petition for a Writ of Certiorari pursuant to SCACR Rule 226 in the South Carolina Supreme Court, [Entry #20-7], as well as a motion for judgment on the pleadings, [Entry #20-9], because the State did not file a Return. The South Carolina Supreme Court denied the petition for writ of certiorari on February 5, 2004, and denied the motion for judgment on the pleadings, citing *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), which provides the State is not required to file a Return. [Entry #20-10]. The Remittitur issued by the Court of Appeals on February 9, 2004. [Entry #20-11].

Petitioner filed an application for post-conviction relief ("PCR") on September 10, 2004. [Entry #20-12]. An evidentiary hearing was held on May 30, 2006 before the Honorable William P. Keesley, at which Petitioner was represented by Rad S. Deaton, Esquire. By Order dated July 5, 2006, Judge Keesley granted PCR solely on the issue of counsel's failure to object to the jury instructions on reasonable doubt and circumstantial evidence, and denied all remaining PCR claims. (App.778–798.)

The State appealed the granting of PCR, and Petitioner did not cross-appeal the denial of the other twelve PCR claims. In its petition for writ of certiorari on January 12, 2007, the State raised the following issue: Did the PCR court erred in finding that counsel was ineffective for failing to object to the judge's charge on reasonable doubt and

circumstantial evidence? Petitioner filed a Return to the State's petition through appellate counsel Katherine H. Hudgins.

On January 10, 2008, the South Carolina Supreme Court granted the State's petition for writ of certiorari and directed further briefing on the issue. After further briefing, the Supreme Court entered an order on April 13, 2009, reversing the granting of state PCR. *Battle v. State*, 675 S.E.2d 736 (S.C. 2009). [Entry #20-17]. The Remittitur issued on April 29, 2009. [Entry #20-18]. This habeas petition followed.

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

**Ground One:** Conviction was obtained by use of evidence obtained pursuant to an illegal arrest.

Supporting Facts: Petitioner committed no crime. Petitioner was not acting unlawful nor did petitioner possessed any contraband narcotics or marked monies. Petitioner did not have any physical contact or conversation with alleged co-defendant, Lashawn Floyd. Drugs were introduce and accepted into evidence absent objection or motion to suppress from defense counsel.

**Ground Two:** Fourteenth Amendment Due Process violation to the U.S. Constitution.

Supporting Facts: The PCR judge found defense counsel ineffective in failing to object to the erroneous circumstantial evidence charge which violated the due process clause or the 14th Amendment by diluting the State's burden of proof beyond a reasonable doubt. Subsequently, the PCR judge violated the petitioner's due process rights by altering and

amending the initial order changing the scope of the judgement after its was written and entered.

**Ground Three:**  Insufficient Evidence.

Supporting Facts:  Petitioner did not possess any marked money/possess no drugs or contraband and no physical contact with alleged co-defendant Lashawn Floyd, did not constructive possession or dominion or control or right to exercise dominion or control over drugs found in "Floyd's" actual possession. No rational trier of fact could have found the essential element of possession which State must prove beyond a reasonable doubt to sustain a conviction for trafficking in cocaine under South Carolina law.

**Ground Four:**  Conviction obtained by a violation of the protection against double jeopardy.

Supporting Facts:  Prosecutor opened and closed before jury charging conspiracy. Petitioner was granted a directed verdict of not guilty on conspiracy charge. At the state's request, the trial judge refused to tell the jury that they could no longer consider petitioner's guilt on conspiracy charge during their deliberation. Trial judge then re-charged the jury on trafficking in cocaine which incorporates the conspiracy element and failed to give curative instruction. Trial judge then told jury if they had any questions as to what the state charged read the indictments.

**Ground Five:**  Ineffective assistance of counsel

Supporting Facts:  Trial counsel was ineffective by failing to object to numerous claims outlined in petitioner's post-conviction application. Counsel's failure to protect petitioner's right violated his Sixth and Fourteenth Amendment Rights to the U.S. Constitution, thus denying him effective assistance of counsel and a denial of Due Process guaranteed by the U.S. Constitution. Petitioner was granted post-conviction relief on this ground.

**Ground Six:**  Ineffective assistance of PCR counsel and Appellate counsel

Supporting Facts:  PCR counsel and appellate counsel was ineffective by refusing and failing petitioner's request to file cross-appeal on claims ruled on and

denied by PCR judge in petitioner's original PCR Application, thus denying him appellate of those claims. PCR counsel and appellate counsel's failure denied petitioner Sixth Amendment right to effective assistance of counsel and a denial of Due Process guaranteed the U.S. Constitution.

**Ground Seven:**     Substantial and procedural due process violation committed by PCR judge.

Supporting Facts:     The PCR judge erred where he submitted written Order on June 1, 2006 granting relief on four (4) separate claims of ineffective assistance trial counsel. Once PCR counsel prepared proposed order reflecting relief on those claims, the Court rejected the Order. Counsel was then advised by the Court to re-submit another proposed order denying relief on claims that were initially granted in the Court's initial written order filed with the Clerk of Court. The PCR judge erred by changing the scope of the judgment once written and due process rights to the U.S. Constitution.

**Ground Eight:**     The trial court lacked subject matter jurisdiction.

Supporting Facts:     There was no presentment of petitioner's indictments to the grand jury, petitioner did not waive presentment, nor was the indictment lesser included offense. Petitioner's indictment alleged that the Charleston County Grand Jury convened on November 1, 1999 and returned a true bill on November 2, 1999. Petitioner acquired a copy of the Charleston County Grand Jury summary report for those dates and petitioner's name nor indictment numbers appear in the report, however, the report does indicate a defendant by the name of Randle Baily - Indictment No. GS-10-1999-7108, petitioner's indictment numbers are GS-10-1999-7109, 7110 and 7111.

**Ground Nine:**     The South Carolina Supreme Court lacked subject matter jurisdiction to entertain State's improperly filed Notice of Intent to Appeal PCR Judge's Order granting relief.

Supporting Facts:     The State waited until the last day to file Notice of Appeal of PCR Order granting relief. When the State submitted their notice of appeal and proof of service to the Court and copy to PCR counsel, the filing had the wrong PCR Number on it. When petitioner brought this to the Court's attention, 2 weeks later, he was advised, via letter

that the State's initial filing contained a clerical error and was corrected on the day of filing. However, the Rule of Court specifically states that during the pendency of an appeal, leave from the Appellate Court must be obtained to correct the mistake. The State failed to obtain leave, but covered the wrong PCR docket number in the initial filing, ran off a copy then typed in petitioner's PCR docket number, and refiled notice of intent to appeal with the Court. Petitioner has two different notice of intent to appeal and two different proofs of service filed by the State.

B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party

may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      C.     Habeas Corpus Standard of Review

      1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)   (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application.

Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[3] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the

---

[3]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

docket will allow, and while the attention of the appellate court is focused
on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D. Analysis

### 1. Procedurally-Barred Grounds

Procedural default is an affirmative defense which is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995).

Respondent contends that Petitioner has failed to properly exhaust Grounds One, Three, Four, and Five, and that they are therefore procedurally-barred. The undersigned agrees.

Ground One alleges a variety of complaints that, liberally-construed, appear to assert the following: (1) a Fourth Amendment violation that no probable cause existed for his arrest, and (2) an ineffective assistance of counsel claim for trial counsel's failure to object to the introduction into evidence drugs obtained from Petitioner's codefendant. Petitioner's Fourth Amendment claim was raised for the first time in Petitioner's direct appeal certiorari petition as question one, but because the issue was not preserved by way of a timely objection at trial, Petitioner is deemed to have waived its consideration on appeal. As to the ineffective assistance of counsel claim, the PCR court denied relief in its written order, and Petitioner failed to appeal that conclusion to the South Carolina Supreme Court or include it in his petition for writ of certiorari. The South Carolina state courts would find them procedurally defaulted if Petitioner attempted to raise them now; therefore, these claims are procedurally barred in federal habeas corpus. *See, e.g.,* *Coleman v. Thompson*, 501 U.S. 722 (1991).

Ground Three alleges that the evidence was insufficient to convict him of trafficking in cocaine. Petitioner did not raise this issue in his direct appeal or in his *Anders* or pro se brief. While Petitioner raised this issue in his PCR application, the PCR court did not rule on it, Petitioner failed to file a Rule 59(e) motion, and he did not raise it on appeal. Therefore it is procedurally-barred from habeas review.

Ground Four alleges that Petitioner's conviction was obtained by a violation of the protection against double jeopardy because the trial court had dismissed an indictment for conspiracy, but allowed the particular trafficking in cocaine indictment to proceed. A review of the record reveals that Petitioner raised this issue at PCR, and the PCR court denied relief on the claim in its written order. (App. 782–783.) However, Petitioner's failure to appeal this denial to the South Carolina Supreme Court renders it barred from habeas review under *Coleman*.

Similarly, in Ground Five, Petitioner alleges ineffective assistance of counsel on numerous claims that were raised at PCR and on which the PCR court denied relief. Petitioner's failure to appeal this denial to the South Carolina Supreme Court renders it barred from habeas review under *Coleman*.

Therefore, to the extent that Grounds One, Three, Four, and Five were not fairly presented to the South Carolina appellate courts, they are procedurally-barred from federal habeas review absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997); *Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner

fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues and he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The police had arranged through a confidential informant to purchase cocaine. The calls and transaction were monitored, and the drugs were to be delivered by Lashawn Floyd's uncle, who would arrive in a particular vehicle. The police observed a vehicle fitting that description parked down the street. The officer at the scene saw a man walk down the road, turn around and walk back, and saw Floyd walk to the other side of the building and return, telling the informant she had the cocaine and if he would get the money, they would proceed to her residence and make the drug transaction. The officer testified that she had observed the Petitioner walk toward her vehicle from the same

corner of the building where Floyd had just been before stating that she had the cocaine. (App. 106.) The officer testified that when the "take-down" signal was given and the Petitioner was arrested, both Petitioner and Floyd were at her vehicle. (App. 780.) At trial, Floyd identified Petitioner as the person who delivered the drugs to her that night. After his arrest, Petitioner wrote Floyd an incriminating letter from the jail.

In light of all of the evidence presented at trial, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars applies as to Grounds One, Three, Four, and Five. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to the issues raised under Grounds One, Three, Four, and Five.

2.      Merits Review

a.      Ground Two

In Ground Two, Petitioner alleges constitutional violations on account of trial counsel's failure to object to the jury instructions and the PCR judge's amendment of his initial order. The South Carolina Supreme Court concluded that Petitioner failed to prove ineffective assistance of counsel concerning the failure to object to the jury instructions, finding that there was not a reasonable likelihood that the jury applied the court's instruction in a way that violated the Constitution. As the Supreme Court found:

> The trial court repeatedly emphasized that the State retained the burden to prove Respondent's guilt beyond a reasonable doubt in its initial instruction. The trial court mentioned "moral certainty" in explaining circumstantial evidence, but he also stated that the circumstances must point "conclusively" to the defendant's guilt, and that guilt must be shown to the

exclusion of every other reasonable hypothesis. *See Todd*, 355 S.C. at 403, 585 S.E.2d at 309 (upholding a similar charge and recognizing that the "'moral certainty' language cannot be sequestered from its surroundings") . . . Accordingly, we hold that when read as a whole, in its entirety, the jury instructions did not violate Respondent's due process rights.

675 S.E.2d at 740.

"Alleged errors in state court jury instructions ... are matters of state law and [typically] do not provide a basis for federal habeas corpus relief." *Temoney v. Sapp*, 06-1983-CMC, 2007 WL 752200, at *8 (D.S.C. Mar. 1, 2007). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned." *Id.* (internal citations and quotation marks omitted).

A review of the record reveals that the trial judge also adequately charged the jury on circumstantial evidence, (App. 427:21–428:14; 437:18–439:14), and properly explained to the jury that the State must prove all circumstantial evidence beyond a reasonable doubt (App. 428:5–7). In light of the court's review of the jury instructions as a whole, Petitioner has failed to establish that the jury instructions were erroneous, and even if they were erroneous, that they were so prejudicial that it affected the outcome of the entire trial. Therefore, he is not entitled to habeas relief on this ground.

### b.    Ground Six

In Ground Six, Petitioner alleges ineffective assistance of PCR counsel and appellate PCR counsel, claiming counsel failed to object to numerous claims outlined in Petitioner's PCR application.

Because the Sixth Amendment does not apply to collateral proceedings, Petitioner's assertion is not cognizable in this proceeding. The claim is barred by 28 U.S.C. § 2254(i), which states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." It is well-settled that there is no constitutional right to habeas counsel in state collateral proceedings. *See Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir. 2003) ("there is no constitutional right to competent habeas counsel," and state statutory requirement for the appointment of competent habeas counsel does not create a constitutionals secured right); *Weeks v. Angelone*, 176 F.3d 249, 274 (4th Cir. 1999) ("[T]his Court does not recognize a constitutional right to counsel on state habeas ...."). Accordingly, this claim fails.

### c.    Ground Seven

In Ground Seven, Petitioner alleges substantial and procedural due process violations committed by the PCR judge.   Specifically, Petitioner claims the PCR judge granted him relief on four separate claims of ineffective assistance of trial counsel, but then rejected PCR counsel's proposed order reflecting relief on those claims and subsequently entered an order denying relief on the claims.   At its core, Ground Seven

complains about the manner in which the PCR judge prepared his written order.    State law governs the PCR court's preparation of an order and requires a written order consisting of findings and conclusions.  *See* S.C. Code Ann. §§ 17-27-80.

Petitioner's allegations in Ground Seven do not concern his underlying conviction. Rather, they concern alleged errors relating to the preparation of an order in his state collateral proceedings. Such claims are not a basis for federal habeas relief. *Thompson v. Roberts*, No. 07-009, 2008 WL 4089315 at * 8 (S.D. Ga. Sept. 2, 2008) ("Simply put, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state-court has erred.") (*quoting Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir.1983) (per curiam)) (*quoting Meyer v. Estelle*, 621 F.2d 769, 771 (5th Cir.1980)). Alleged infirmities in PCR proceedings do not state a basis for federal habeas relief.  *See Bryant v. Maryland*, 848 F.2d 492, 494 (4th Cir. 1988) (claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) ("Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief).

Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) (alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action). Therefore, Ground Seven should be dismissed.

d. Ground Eight

In Ground Eight, Petitioner alleges the trial court lacked subject matter jurisdiction because there was no presentment of his indictments to the grand jury, he did not waive presentment, nor was the indictment a lesser-included offense.

At the time of Petitioner's conviction, South Carolina courts applied the rule that a "circuit court has subject matter jurisdiction over a criminal offense if: (1) there has been an indictment that sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser-included offense of the crime charged in the indictment." *State v. Dudley*, 581 S.E.2d 171, 175 (S.C. App. 2003). Viewing Petitioner's argument in light of this authority, Petitioner appears to be suggesting that the trial court lacked jurisdiction because the indictment was never presented to the grand jury and he did not waive presentment.

Since the time of Petitioner's conviction, the South Carolina Supreme Court has clarified the meaning of subject matter jurisdiction in criminal matters, distinguishing between subject matter jurisdiction and defects in the indictment. *See State v. Gentry*, 610 S.E.2d 494, 498–500 (S.C. 2005) (explaining difference between jurisdiction and defective indictments and noting that a defective indictment alone does not deprive trial

court of jurisdiction). The court in *Gentry* noted that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. . . . Circuit courts obviously have subject matter jurisdiction to try criminal matters." *Id.* at 499. Defects in the indictment, in contrast, are not jurisdictional. The court held that:

> if an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards .... However, a defendant may for the first time on appeal raise the issue of the trial court's jurisdiction to try the class of case of which the defendant was convicted.

*Id.* Relevant to Gentry's challenge, the court also noted that "a presentment of an indictment or a waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court. However, an indictment is needed to give notice to the defendant of the charge(s) against him." *Id.* at 499 n.6.

Regardless of whether Petitioner's challenge is treated as a challenge to the indictment or as a challenge to the trial court's subject matter jurisdiction, his argument fails. The record reflects the indictment was true-billed on November 2, 1999, and includes the name of the foreman signing the indictment. (App. 799-800.) At his PCR hearing, Petitioner conceded that his case was bound over to the grand jury. (App. 605–06.) Because the record establishes that a Charleston County Grand Jury returned a true bill of indictment against him on November 2, 1999, and because, under *Gentry*,

circuit courts have subject matter jurisdiction to try criminal matters, his argument that the trial court lacked jurisdiction over him is meritless.[4]

Second, Petitioner's Ground Eight concerns a state court's determination of its jurisdiction over a purely state law criminal charge, which is not a matter cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998) (*citing Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976), which held that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary")). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). For this additional reason, Ground Eight should be dismissed.

e.    Ground Nine

In Ground Nine, Petitioner alleges the South Carolina Supreme Court lacked subject matter jurisdiction to entertain the State's improperly-filed Notice of Intent to Appeal PCR Judge's Order granting relief. Specifically, Petitioner complains that the State waited until the last day to file Notice of Appeal of PCR Order granting relief, the filing had the wrong PCR Number on it, and the State allegedly corrected it without leave of court.

---

[4] Petitioner's presentment argument also fails because presentment is not a requirement for subject matter jurisdiction. Additionally, the indictment at issue was presented to a grand jury and Petitioner was on notice of the charges against him.

For the same reasoning as stated in the Ground Seven discussion above, Petitioner's claim in Ground Nine does not concern challenges to his conviction, rather it challenges defects in the state collateral proceedings. Such claims do not have a basis for federal habeas relief. *See Wright v. Angelone.* Therefore, Ground Nine should be dismissed.

III.   Motion for Declaratory Judgment for Bail

On July 12, 2010, Petitioner filed a motion for declaratory judgment for bail pursuant to F.R.A.P. 9 (b) and 28 U.S.C. § 2201 and §2202 [Entry #31]. F.R.A.P. 9(b) has no applicability to a federal habeas action brought under 28 U.S.C. § 2254, rather it concerns the release on a federal criminal conviction, not as here, an action for federal habeas relief on a state conviction. Therefore, Petitioner's motion for declaratory judgment for bail should be denied.

IV.   Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment be granted and Petitioner's motion for declaratory judgment for bail be denied.

IT IS SO RECOMMENDED.

August 2, 2010                           Shiva V. Hodges
Florence, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation.**