# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest Battle, #165247, | ) | C/A No.: 1:09-2038-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden M. Bodison, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Ernest Battle, a state prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation (ECF No. 34) and opines that Respondent's motion for summary judgment[2] should be granted, and Petitioner's motion for declaratory judgment for bail should be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

Recommendation dated August 2, 2010. The court granted Petitioner's request for an extension of time to file objections. Petitioner filed objections on August 26, 2010 (ECF No. 43.) For the reasons that follow, the court accepts and adopts the Report and overrules the objections.

## I. Factual and Procedural Background

The Report recites the factual and procedural background giving rise to this action. In brief, the petitioner is an inmate at the South Carolina Department of Corrections serving a twenty-five year sentence after being convicted on June 4, 2001 for trafficking cocaine and possession with intent to distribute.

Petitioner filed a timely notice of appeal in the South Carolina Court of Appeals and raised the following grounds in his pro se brief:

I.  Did the trial court err when it failed to grant directed verdict when the State failed to prove an essential element of the offense?

II.  Did the trial court err when it failed to charge the jury on constructive possession?

III.  Did the trial court err when it failed to give a proper mere presence charge?

IV.  Did the trial court err when it failed to instruct the jury that prosecution must prove beyond reasonable doubt every element of the offense charged?

V.  Did the trial court err when it failed to direct a verdict of acquittal when the jury stated they did not believe what was claimed by the prosecution happened, thus constituting doubt?

VI.  Did the trial judge err when he failed to reveal to the jury that appellant was acquitted of the conspiracy charge and thus allowing them to consider appellant's guilt of conspiracy during their deliberation without giving curative

instructions?

VII. Did the trial court err when it admitted over objection cocaine into evidence when the State failed to prove a chain of custody?

VIII. Did the trial court err when it failed to conduct a <u>Jackson v. Denno</u> hearing requested by appellant to determine the voluntariness of codefendant's statement?

IX. Did the trial court err when it lacked subject matter jurisdiction because of affiant's false affidavit and false testimony before the State's grand jury?

The South Carolina Court of Appeals dismissed his appeal pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) and <u>State v. Williams</u>, 406 S.E.2d 357 (S.C. 1991), and it granted appellate counsel's request to be relieved. The Court of Appeals subsequently denied Petitioner's pro se petition for a rehearing. Petitioner then filed a pro se petition for a writ of certiorari and a motion for judgment on the pleadings in the South Carolina Supreme Court, which denied both.

Petitioner filed a post-conviction relief ("PCR") application, and a hearing was held on May 30, 2006. The Honorable William P. Keesley granted the PCR solely on the issue of trial counsel's failure to object to the jury instructions on reasonable doubt and circumstantial evidence, and he denied the rest of the claims. Petitioner did not appeal the denial of his other PCR claims, but the State appealed the granting of the PCR. The South Carolina Supreme Court reversed the granting of the PCR on April 13, 2009. <u>Battle v. State</u>, 675 S.E.2d 736 (S.C. 2009).

## II.    Petitioner's Grounds for Relief

The present habeas petition was filed in this Court on August 3, 2009.  The petitioner

raised verbatim the following grounds for relief in his Section 2254 petition:

(1)    Conviction was obtained by use of evidence obtained pursuant to an illegal arrest.  Supporting Facts: Petitioner committed no crime. Petitioner was not acting unlawful nor did petitioner possessed any contraband narcotics or marked monies. Petitioner did not have any physical contact or conversation with alleged co-defendant, Lashawn Floyd. Drugs were introduce and accepted into evidence absent objection or motion to suppress from defense counsel.

(2)    Fourteenth Amendment Due Process violation to the U.S. Constitution. Supporting Facts: The PCR judge found defense counsel ineffective in failing to object to the erroneous circumstantial evidence charge which violated the due process clause or the 14th Amendment by diluting the State's burden of proof beyond a reasonable doubt. Subsequently, the PCR judge violated the petitioner's due process rights by altering and amending the initial order changing the scope of the judgement after its was written and entered.

(3)    Insufficient Evidence.  Supporting Facts: Petitioner did not possess any marked money/possess no drugs or contraband and no physical contact with alleged co-defendant Lashawn Floyd, did not constructive possession or dominion or control or right to exercise dominion or control over drugs found in "Floyd's" actual possession. No rational trier of fact could have found the essential element of possession which State must prove beyond a reasonable doubt to sustain a conviction for trafficking in cocaine under South Carolina law.

(4)    Conviction obtained by a violation of the protection against double jeopardy. Supporting Facts: Prosecutor opened and closed before jury charging conspiracy.  Petitioner was granted a directed verdict of not guilty on conspiracy charge. At the state's request, the trial judge refused to tell the jury that they could no longer consider petitioner's guilt on conspiracy charge during their deliberation. Trial judge then re-charged the jury on trafficking in cocaine which incorporates the conspiracy element and failed to give curative instruction. Trial judge then told jury if they had any questions as to what the state charged read the indictments.

4

(5)     Ineffective assistance of counsel.  Supporting Facts: Trial counsel was ineffective by failing to object to numerous claims outlined in petitioner's post-conviction application. Counsel's failure to protect petitioner's right violated his Sixth and Fourteenth Amendment Rights to the U.S. Constitution, thus denying him effective assistance of counsel and a denial of Due Process guaranteed by the U.S. Constitution. Petitioner was granted post-conviction relief on this ground.

(6)     Ineffective assistance of PCR counsel and Appellate counsel.  Supporting Facts: PCR counsel and appellate counsel was ineffective by refusing and failing petitioner's request to file cross-appeal on claims ruled on and denied by PCR judge in petitioner's original PCR Application, thus denying him appellate of those claims. PCR counsel and appellate counsel's failure denied petitioner Sixth Amendment right to effective assistance of counsel and a denial of Due Process guaranteed the U.S. Constitution.

(7)     Substantial and procedural due process violation committed by PCR judge. Supporting Facts: The PCR judge erred where he submitted written Order on June 1, 2006 granting relief on four (4) separate claims of ineffective assistance trial counsel. Once PCR counsel prepared proposed order reflecting relief on those claims, the Court rejected the Order. Counsel was then advised by the Court to re-submit another proposed order denying relief on claims that were initially granted in the Court's initial written order filed with the Clerk of Court. The PCR judge erred by changing the scope of the judgment once written and due process rights to the U.S. Constitution.

(8)     The trial court lacked subject matter jurisdiction. Supporting Facts: There was no presentment of petitioner's indictments to the grand jury, petitioner did not waive presentment, nor was the indictment lesser included offense. Petitioner's indictment alleged that the Charleston County Grand Jury convened on November 1, 1999 and returned a true bill on November 2, 1999. Petitioner acquired a copy of the Charleston County Grand Jury summary report for those dates and petitioner's name nor indictment numbers appear in the report, however, the report does indicate a defendant by the name of Randle Baily - Indictment No. GS-10-1999-7108, petitioner's indictment numbers are GS-10-1999-7109, 7110 and 7111.

(9)     The South Carolina Supreme Court lacked subject matter jurisdiction to entertain State's improperly filed Notice of Intent to Appeal PCR Judge's Order granting relief. Supporting Facts: The State waited until the last day to

file Notice of Appeal of PCR Order granting relief. When the State submitted their notice of appeal and proof of service to the Court and copy to PCR counsel, the filing had the wrong PCR Number on it. When petitioner brought this to the Court's attention, 2 weeks later, he was advise, via letter that the State's initial filing contained a clerical error and was corrected on the day of filing. However, the Rule of Court specifically states that during the pendency of an appeal, leave from the Appellate Court must be obtained to correct the mistake. The State failed to obtain leave, but covered the wrong PCR docket number in the initial filing, ran off a copy then typed in petitioner's PCR docket number, and refiled notice of intent to appeal with the Court. Petitioner has two different notice of intent to appeal and two different proofs of service filed by the State.

### III. Legal Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.

Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV.    Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1).

Section 2254 requires an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)-(A). The Fourth Circuit has held that in order "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

The exhaustion requirement under § 2254 may still be satisfied where petitioner failed to squarely present the issue to the highest state court "if it is clear that the claim[s] would be procedurally defaulted if the petitioner attempted to raise [them] at this juncture." George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996); see also Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 298 (1989); Matthews, 105 F.3d at 911. If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his

opportunity for relief in the state courts and in federal court. See <u>Matthews</u> at 915.

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Lawrence v. Branker</u>, 517 F.3d 700, 714 (4th Cir. 2008) (<u>quoting</u> <u>McCarver v. Lee</u>, 221 F.3d 583, 588 (4th Cir. 2000)).

## V.    Analysis of Petitioner's Grounds

### A.    Procedurally Barred Grounds

The Magistrate found that Grounds One, Three, Four, and Five were not properly exhausted and are, therefore, procedurally barred. Petitioner filed objections to these recommendations, but the Court overrules these objections and agrees with the Magistrate.

Absent a showing of cause and actual prejudice or actual innocence, habeas grounds that are not fairly presented in state appellate courts are procedurally barred. Petitioner attempted to show actual innocence in his objection to Ground Three. He claims that Lashawn Floyd identified "E" in her statement to police as the person that gave her drugs and that "E" does not properly identify him. However, at Petitioner's trial, Lashawn Floyd testified that "E" refers to Petitioner. (Trial Tr. 257:1–15, ECF No. 20-21, at 76.) Therefore, Ground Three in addition to Grounds One, Four, and Five are procedurally barred and will not be considered on the merits.

**B.      Merits Analysis**

**Grounds Two and Seven**

Ground Two alleges that trial counsel and the PCR judge violated Petitioner's Fourteenth Amendment due process rights. Similarly, Petitioner alleges in Ground Seven that the PCR judge violated Petitioner's due process rights when he altered the initial PCR order.

The Magistrate found that these claims are without merit because the South Carolina Supreme Court reversed the PCR court's granting of PCR, finding that trial counsel was not ineffective for failing to object to jury instructions. "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). The Magistrate found that Petitioner has failed to establish that the jury instructions were erroneous, and even if they were erroneous, that they were so prejudicial that it affected the outcome of the entire trial. Petitioner objects, reasserting arguments dealt with in his PCR.

Additionally, Petitioner's claims concern the manner in which the PCR judge prepared his order, not Petitioner's underlying conviction. Petitioner objects, claiming that the PCR judge filed a signed order and later filed a replacement order. However, the initial order is little more than a request for a proposed order. While Petitioner is correct that the PCR judge listed more reasons for granting the PCR application in the initial order than he later included

10

in the final order, alleged infirmities in PCR proceedings do not state a basis for federal habeas relief.  See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988).

The Court agrees with the Magistrate's findings and dismisses Grounds Two and Seven.

### Ground Six

Ground Six alleges ineffective assistance of PCR counsel and appellate counsel because they did not appeal the PCR court's denial of claims.  The Magistrate found that there is no constitutional right to habeas counsel in state collateral proceedings.  See Barraza v. Cockrell, 330 F.3d 349, 352 (5th Cir. 2003); Weeks v. Angelone, 176 F.3d 249, 274 (4th Cir. 1999).  Petitioner's objection includes a discussion of his alleged right to an evidentiary hearing and his state habeas corpus petitions.  The Court agrees with the Magistrate that this claim fails.

### Ground Eight

Ground Eight is a claim that the trial court did not have subject matter jurisdiction because the charges were not presented to the grand jury, Petitioner did not waive presentment, nor was the indictment for a lesser-included offense.  The Magistrate recommends that this ground be dismissed because the record shows that Petitioner's indictment was true-billed, and Petitioner acknowledged that fact at his PCR hearing. Petitioner did not file an objection on this ground.  The Court accepts the recommendation of the Magistrate and dismisses Ground Eight.

**Ground Nine**

In Ground Nine, Petitioner claims that the South Carolina Supreme Court lacked subject matter jurisdiction to hear the State's appeal from the PCR order because the Notice of Intent to Appeal included the wrong PCR number. The Magistrate found that this ground should be dismissed because challenges to alleged defects in state collateral proceedings do not have a basis for federal habeas relief. Petitioner's objection consists of an elaboration of facts that he has already alleged in his petition. The Court accepts the Magistrate's recommendation and dismisses Ground Nine.

## VI.    Remaining Motions

Petitioner has also filed a motion for declaratory judgment for bail (ECF No. 31), a motion to appoint habeas counsel (ECF No. 42), and a motion for an evidentiary hearing (ECF No. 45). The Court accepts the recommendation of the Magistrate and denies the motion for declaratory judgment for bail. The Court has determined that an evidentiary hearing would not aid in the decisional process. The motion for a hearing is, therefore, denied. Because no hearing is required, the motion for counsel is also denied.

## VII.   Conclusion

Accordingly, the respondent's motion for summary judgment is granted, this action is dismissed with prejudice, and the petitioner's remaining motions are denied.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a

certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

     IT IS SO ORDERED.

*Joseph F. Anderson Jr*

August 31, 2010            Joseph F. Anderson, Jr.
Columbia, South Carolina       United States District Judge